UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

LINDA ABBOTT WHITE                    CASE NO.: 3:19-bk-04781- JAF
                                      CHAPTER: 13

   Debtor.
_____/

## OBJECTION TO CHAPTER 13 PLAN

**ABS Loan Trust V** ("Creditor"), by and through the undersigned counsel, objects to the Debtor's Chapter 13 Plan ("Plan") [DE #22] and states as follows:

1) Creditor holds a lien on the following property: 9552 Preston Trail W Ponte Vedra Beach FL 32082 (Loan No. 6807).
1) Creditor filed Proof of Claim 3 ("Claim") which includes a secured amount of $406,118.80, a secured arrearage in the amount of $114,952.95, and an ongoing post-petition payment of $2,487.34.
2) The Plan proposes to modify Creditor's loan.
3) As Creditor's Claim is secured by the Debtor's principal residence, Creditor objects to any modification of the terms of its mortgage loan pursuant to 11 U.S.C. § 1322(b)(2).
4) The Plan proposes Mortgage Modification Mediation ("MMM") with respect to Creditor's claim. Pursuant to 11 U.S.C. § 1322(b)(2), the terms of the original note and mortgage shall remain in full force and effect unless and until the Creditor and Debtor mutually agree to a loan modification.
5) The Plan proposes adequate protection in the amount of $**284.00** per month.
6) Creditor requires adequate protection in the amount of either the contractual monthly payment due and owing or 31% of the gross monthly income as reflected on Debtor's Schedule I, which would be $558.00.

ALAW FILE#19-027165

7) Furthermore, the Debtor has not filed an MMM Motion. As a result, the Creditor is not officially referred to the MMM Program. The Debtor must file the appropriate pleadings before the court, to coincide to the proposed plan treatment.

8) Finally, as stated the MMM Process has not materialized as yet.  As such, Creditor also files this Objection to preserve its rights in regards to a plan that does not conform to the timely filed Proof of Claim by the Creditor.

9) Creditor objects to the proposed Plan treatment.

10) Creditor's claim should be treated as fully-secured until ordered otherwise by the Court.

11) Creditor reserves the right to amend this Objection.

WHEREFORE, Creditor respectfully requests that this Honorable Court sustain the objection and deny confirmation of the Plan.

/s/Scott Lewis, Esq.
Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603

**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

ALAW FILE#19-027165

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of May, 2020, I served a copy of the foregoing on the parties listed below.

### SERVICE LIST

**Linda Abbott White**
Post Office Box 326
Ponte Vedra Beach, FL 32004

**Felecia L Walker**
Edwards & Edwards, P.A.
6620 Southpoint Drive S. , Suite 200
Jacksonville, FL 32216

**Marsha M Brown**
Douglas W. Neway, Chapter 13 Trustee
Post Office Box 4308
Jacksonville, FL 32201

**John J Freeman, Jr.**
Douglas W. Neway, Chapter 13 Trustee
Post Office Box 4308
Jacksonville, FL 322019

*Trustee*
**Douglas W Neway**
Post Office Box 4308
Jacksonville, FL 32201

**United States Trustee - JAX 13/7, 7**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

/s/                   .
Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com
Alternate: eroberts@albertellilaw.com

ALAW FILE#19-027165